Woodis v. Jordan.

---

JOHN T. WOODIS *vs.* CHARLES P. JORDAN, JR.

*Conversion. Exceptions. New trial for newly discovered evidence.*

Forbidding the owner of personal property, lying upon the land of defendant, to enter for the purpose of removing it; withholding the property from him, and claiming it as the defendant's own, constitute a conversion.

The presiding judge, while giving instructions as requested, is not limited to the requests made, but may add qualifications and modifications to meet the requirements of the case, and if the qualifications and modifications are in accordance with law, the party making such requests has no just cause of complaint. Nor has he, if the instruction is obscure in its meaning, without being adverse or injurious to the losing party.

A new trial for newly discovered evidence will not be granted unless it is apparent that injustice has been done. To authorize the granting of a new trial, the evidence newly discovered must have been such as the party offering it could not with reasonable diligence have procured, and of which he had no knowledge.

It must also be so material as to induce a reasonable probability that, on a second trial, it would be decisive and productive of an opposite result on the merits.

ON EXCEPTIONS AND MOTION FOR A NEW TRIAL.

TROVER for a taking by the defendant of thirty-two cords of wood, cut upon land owned by one Martin, who bought the farm of Jordan, and mortgaged it back to secure the purchase-money. After the wood was cut, and before its removal from the land, Mr.

Jordan took possession to foreclose his mortgage, Martin having before then sold the wood to one Leonard, who subsequently sold it to the plaintiff. There was some disagreement as to whether or not Jordan gave Martin leave to cut the wood ; but the main controversy was whether or not Jordan prevented the plaintiff from taking the wood, or forbade his entry upon the land for the purpose of removing it, or claimed it as his own. The jury found a verdict for the plaintiff.

The defendant requested the presiding judge to give the following instructions to the jury, which the presiding judge gave, with additional instructions ; those requested being stated, and then the additions in another paragraph, as follows :

"I am requested by the counsel for the defendant to instruct you:

First, That if defendant exercised no other dominion or control of the wood sued for, than merely to take and hold possession of his land as mortgagee, this would not amount to a conversion of the wood.

I give you that instruction. If he exercised no other dominion than to take possession of his land and hold that, that would not be exercising dominion over the wood ; but I instruct you as I did before, that if he exercised dominion over the wood, claimed title to that and withheld the possession of that also, as well as the land, it would amount to a conversion.

Second, I am requested to instruct you, that defendant, after he took possession of the mortgaged premises, December 26, 1871, had the legal right to hold and maintain that possession against all persons until redemption of the mortgage, and that while defendant held such possession, no person having personal property placed or lying upon the mortgaged premises, by the acts of persons other than the defendant, and without his consent, had the legal right to go upon the land to recover said personal property without the defendant's consent.

I give you that instruction, but you will perceive that it does not apply very directly to the issue here, because no one pretends that

this property was carried on to the land, but was left there as you would haul a wagon into another's barn, or put a horse or cow into his pasture. It was cut upon the land, and I have already instructed you, if it was cut by the permission of defendant, so that it became the personal property of Martin, and Martin sold it to Leonard, and Leonard sold it to the plaintiff, and the defendant then claimed title to the wood, and withheld the possession from the plaintiff under that claim, and would not permit him to remove it, then that would be a conversion. It would not only be withholding possession of his land, but it would be withholding possession of the wood also.

Third, I am requested to instruct you, that if defendant being in possession of the land under his mortgage, forbade the plaintiff to go thereupon to get the wood sued for, and said wood was placed there without the defendant's knowledge or consent, and by no act of his, such forbidding of the plaintiff would not amount to a conversion of the wood.

That is undoubtedly good law; but you will see the element of claiming title to it by the defendant is wanting in this instruction. Just supply that, the defendant forbade his going to get it, and withheld the possession under a claim to hold it himself, and it would amount to conversion.

Fourth, I am requested to instruct you, that a license to do any act upon the land of another, is a matter of personal trust, and may be revoked at any time before it is executed; that it is not assignable.

That is undoubtedly good law. In a proper case it might be very important. I do not see the distinct application here unless they mean to say, if you find Martin had permission to cut this wood, he could not assign the right to another. I instruct you he could not. If the defendant forbade the plaintiff cutting upon his land, he would have no right to cut, and if he also in addition claimed the wood as his, and therefore he must not go and cut it and carry it away, it would be a conversion.

Fifth, I am requested to instruct you, that if the jury believe

Woodis *v.* Jordan.

from the evidence that the defendant told Woodis, the plaintiff, that he might buy the wood in question of Martin, this would not authorize Leonard to buy the same wood of Martin.

Of course it would not; the license would go no farther than the permission given. I do not understand that the plaintiff relies upon any such title. He does not rely upon the fact, as I understand it, that the defendant told him he might buy it of Martin. That evidence is only to show that he had given Martin consent to cut it. If you find Martin had permission from Jordan to cut the wood, so that it became the property of Martin, then Martin could sell it to whom he pleased.

These requests, considered in the abstract, so far as I have been able to consider them, are all good law; but how far they are applicable to the question which you are called upon to determine, will depend somewhat upon what you will find the facts to be. I have endeavored to give you such additional instructions and explanations of them as would prevent their misleading you."

The defendant excepted to the additional instructions.

No copy of the motion for a new trial, or of the evidence on which it was based, came to the hands of the reporter; but no statement of facts seems necessary for an understanding of the opinion of the court upon this branch of the case. There was also a motion, filed in the law court, for a stay of judgment and execution in the cause at bar, until the defendant could prosecute to final judgment a cross action in his favor against the plaintiff, commenced by writ returnable to the September term, 1873, of this court for Androscoggin county.

*S. & J. W. May,* for the defendant.

If the requested instructions were wrong, they should have been refused; if correct, how could they mislead the jury? We are as much aggrieved by their being given in the manner they were, as we should have been by a refusal to give them.

*C. C. Frost,* for the plaintiff.

APPLETON, C. J. This was an action of trover for a quantity of wood cut by one Martin upon land of which the defendant was mortgagee, and Martin was the mortgagor. The wood was piled on the mortgaged premises, and the plaintiff, while it was so piled, became its purchaser.

It was claimed by the plaintiff that the wood was cut under a license from the defendant. The issues presented for the consideration of the jury were, whether the wood was cut by the permission and license of the defendant, and if so, whether or not there was a conversion of it by him.

A series of requested instructions were presented by the counsel for the defendant to the presiding justice, who affirmed their correctness. But while he thus affirmed their correctness, he added qualifications and modifications to render them more applicable to the facts as developed. The defendant had the benefit of the requested instructions, for they were given in the language of the several requests. The court is not required to adopt the precise language of a request, nor is it bound to abstain from modifying it according to the necessities of the case. The real inquiry is, were the qualifications and modifications of the requested instructions correct and appropriate? If so, it was for the jury to determine whether by the instructions as requested and given, or as modified, the plaintiff had a legal right to recover. The defendant is only harmed when incorrect instructions, adverse to his interest are given.

The first three instructions, as modified, require that there should be proof that the defendant claimed title to the wood, forbade the plaintiff entering to remove it, and withheld the same under claim to hold it himself, to entitle the plaintiff to recover. In all it is fully stated that the mere forbidding the plaintiff to enter on the mortgaged premises would not amount to a conversion. This was sufficiently favorable for the defendant. *Hinckley v. Baxter*, 13 Allen, 139.

The fourth request was given in the language of the request. The additional remarks as reported, do not seem to be applicable,

but while inapplicable, it is impossible to say that they are injuri-ously adverse to the defendant. If the meaning was not clear, counsel should have requested an explanation. Any apparent ob-scurity could have been removed by a pertinent request. But whether obscure or not, still, if in no sense adverse to the defend-ant, he could never have been injured by instructions however ob-scure in meaning, if obviously in no way prejudicial.

The fifth request was given as desired, and the additional re-marks are only explanatory of issues presented, and afford the defendant no reasonable ground of complaint.

There is no such preponderance of evidence on the part of the defendant as would justify our interfering with the verdict on the motion to set it aside as against evidence.

Before the adjournment of the term at which the verdict was rendered, a motion was made for a new trial on the ground of newly discovered evidence.

The discovery of new testimony immediately consequent on the loss of a verdict must always be looked upon with suspicion. The diligence which is speedily rewarded by the discovery of new tes-timony after the loss of a verdict, would have been better exercised before such loss in searching for testimony, which the event shows was so readily found that the rendition of the verdict and the for-tunate discovery of the new proofs were all but simultaneous in time.

A new trial will not be granted unless it is very probable that injustice has been done. The evidence newly discovered must have been such as the party offering it could not with reasonable diligence have procured, and of which he had no knowledge. It must be material and so material as to induce a reasonable proba-bility that it would, on a second trial, be decisive and productive of an opposite result on the merits.

The evidence purporting to be newly discovered consists mainly of the statements of witnesses who were present at the trial, or of members of the defendant's family. No inquiries were made of these witnesses previously. The evidence offered is not so mate-

rial as to induce the belief that the result would thereby be changed. And, further, it is the manifest negligence of the defendant, that they were not obtained at the trial.

The plaintiff is said to be a resident of New Hampshire. The defendant has offered proof that he has brought a suit against Woodis and moves that this case be continued, so that the executions severally to be recovered may be offset, under the provisions of R. S., c. 81, §§ 74, 75. Whether the defendant's writ will be entered, we cannot know. The question can be presented and determined at *nisi prius*, if the writ be then entered.

*Exceptions and motions overruled.*

WALTON, DICKERSON, BARROWS, DANFORTH and VIRGIN, JJ., concurred.